Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LERENZO ADRIAN PALMER,

        Plaintiff,

    v.

KRISTEN JACOBSON, *et al.*,

        Defendants.

C09-1704-JCC

**ORDER**

    This matter comes before the Court upon Plaintiff's motion for an order of default. (Dkt. No. 45). For the reasons explained below, the Court hereby DENIES the motion. The Court also DENIES Plaintiff's pending motion for summary judgment (Dkt. No. 44), and his pending motion for the appointment of an attorney. (Dkt. No. 42).

**I.    BACKGROUND**

    This case deals with a conflict between Plaintiff and the child-protective agencies of Washington State. Plaintiff, who appears *pro se* and proceeds *in forma pauperis*, alleges that state officials terminated his parental rights without just cause. His federal claims sound in the Search and Seizure Clause of the Fourth Amendment: Plaintiff alleges that state child-protective officials entered his home without a warrant when they seized his children. (Amended Complaint 5 (Dkt. No. 41)).

**A.      Procedural Background**

Plaintiff's original complaint listed no fewer than twenty separate defendants. (Dkt. No. 11). In August 2010, this Court issued an order dismissing several of those named defendants because Defendant had failed to establish that they were "state actors" for the purposes of the Civil Rights Act. In the same order, the Court ordered Plaintiff to file an amended complaint. (Order (Dkt. No. 40)). Also in the same order, the Court struck certain of Plaintiff's pending motions, finding that he had violated the Local Rules of the Western District of Washington by engaging in vexatious pleading practices. (*Id.* 7–9). The Court took special issue with Plaintiff's second motion for the appointment of counsel, finding that it was in fact a motion to reconsider the Court's previous decision to deny Plaintiff's first motion for the appointment of counsel. (*Id.* 8).

Plaintiff filed his amended complaint against three named defendants in August 2010. He now moves for an order of default against those defendants. (Dkt. No. 45). In support of his motion for an order of default, Defendant submits an affidavit in which he avers that "[t]he defendants were duly served with a summons and complaint." (Dkt. No. 45-1). In addition to his motion for an order of default, Plaintiff has filed a motion for summary judgment against the defendants (Dkt. No. 44), and a third motion for the appointment of counsel. (Dkt. No. 42).

**II.      RELEVANT LAW**

A party seeking an order of default against his or her opponent bears the burden of establishing that the opposing party was properly served. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 provides that a summons must, *inter alia*, be signed by the Clerk of the Court and bear the Court's seal. FED. R. CIV. P. 4(a)(1)(F)–(G). Rule 4 also provides: "Any person who is at least eighteen years old *and not a party* may serve a copy of the summons and complaint." FED. R. CIV. P. 4(c)(2) (emphasis added).

//

Rule 5 of the Federal Rules of Civil Procedure governs the service of pleadings. In sum, Rule 5 generally requires that a party serve the opposing party with a copy of any pleading submitted to this Court. FED. R. CIV. P. 5(a). The Rule expressly provides that "a pleading that asserts a new claim for relief against [a party which has failed to appear] *must be served on that party under Rule 4*." *Id.* (emphasis added).

## III.   DISCUSSION

Plaintiff's motion for an order of default is defective. He has failed to demonstrate that any of the named defendants has been served with a copy of his amended complaint or an official summons of this Court. His bare averment that Defendants were "duly served" is inadequate, in large part because Plaintiff is unqualified to serve process on his opponent. As Rule 4 expressly provides, only non-parties to the underlying lawsuit are qualified to serve process. *See* FED. R. CIV. P. 4(c)(2). Because Plaintiff is a party to the lawsuit, he cannot serve process on the defendants. He therefore lacks a basis of knowledge to aver that Defendants were served.

Other defects also preclude relief. In support of his motion, Plaintiff has submitted a copy of the summons which bears neither the seal of the Court nor the signature of the Clerk of the Court. (*See* Dkt. No. 43). It therefore fails to comply with the requirements of Rule 4. Finally, Plaintiff has failed to demonstrate that he served a copy of the motion for an order of default on Defendants. He has therefore also failed to comply with the requirements of Rule 5, which requires that he serve a copy of each pleading which he submits to this Court upon the opposing parties. *See* FED. R. CIV. P. 5(a).

These defects are substantial. This Court has no way of knowing whether Defendants have ever received notice of this lawsuit. An order of default is therefore inappropriate. Because Plaintiff has failed to properly serve Defendants with process, his motion for an order of default is hereby denied. Plaintiff's pending motion for summary judgment is hereby denied for substantially the same reason: He has failed to demonstrate that Defendants received proper notice of the motion.

**IV.    MISCELLANEOUS**

This Court hereby denies Plaintiff's motion for the appointment of counsel for a third time. Plaintiff's motion nowhere includes any facts or law which the Court failed to consider on the two previous occasions when it denied his motion.

In the Court's previous order, Plaintiff was cautioned that vexatious or unreasonable pleading practices could result in sanction, including the sanction of dismissal. (*See* Order 8–9 (Dkt. No. 40)). In the event that Plaintiff once again submits a motion for the appointment of counsel that lacks support in law or fact, the Court hereby cautions him that his case will likely be dismissed.

**V.    CONCLUSION**

For the aforementioned reasons, the Court hereby DENIES Plaintiff's motion for an order of default. (Dkt. No. 45). The Court also DENIES his motion for summary judgment (Dkt. No. 44), and his motion for the appointment of an attorney. (Dkt. No. 42).

SO ORDERED this 17th day of December, 2010.

JOHN C. COUGHENOUR
United States District Judge

ORDER, C09-1704-JCC
Page 4